UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEZIA E. RAMSEY,

                    Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

                    Defendant.

CASE NO. 13-cv-05955 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. No. 5; Consent to Proceed Before a United

States Magistrate Judge, Dkt. No. 6). This matter has been fully briefed (*see* Dkt. Nos.

14, 15, 16).

        After considering and reviewing the record, the Court finds that the ALJ erred by

failing to adopt or specifically reject the opinion of examining psychologist Tasmyn

Bowes, PsyD, that plaintiff would have marked/severe limitation in her ability to perform activities within a schedule and maintain regular punctual attendance.  Dr. Bowes' opinion may be significant because the vocational expert testified that if an individual were absent "at least three days a month" they would not be able to perform competitive work (Tr. 76).

BACKGROUND

Plaintiff, KEZIA E. RAMSEY, was born in 1983 and was 16 years old on the alleged date of disability onset of July 20, 1999 (*see* Tr. 148-51).  Plaintiff was homeschooled and graduated from high school (Tr. 35).   Plaintiff has worked at one part-time job as a payroll assistant that lasted about three months (Tr. 38-39).

According to the ALJ, plaintiff has at least the severe impairments of "anxiety disorder, panic disorder with agoraphobia, major depressive disorder, somatization disorder, and headaches (20 CFR 416.920(c))" (Tr. 14).

At the time of the hearing, plaintiff was living with her mother (Tr. 34-35).

PROCEDURAL HISTORY

Plaintiff's application Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* Tr. 81-84, 88-89, *see also* 148-51). Plaintiff's requested hearing was held before Administrative Law Judge Rebekah Ross ("the ALJ") on May 7, 2012 (*see* Tr. 30-78). On May 21, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 9-29).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (5) Whether or not the ALJ erred by basing her step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations (*see* Dkt. No. 14, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Among other errors, plaintiff argues that the ALJ erred in her assessment of the medical opinion of examining psychologist Tasmyn Bowes, PsyD. Dkt. No. 14, pp. 3-7. Specifically, plaintiff argues that the ALJ erred by failing to adopt or reject Dr. Bowes' opinion that plaintiff had a "marked/severe" impairment in the ability to perform activities within a schedule and maintain regular punctual attendance (*see* Tr. 317). Dr. Bowes' provided no definition for a "marked/severe" limitation (*see* Tr. 315-24 (noting "1=Mild; 2=Moderate; 3=Mraked/Severe [sic]; 4=Indeterminable"). A limitation in the ability to maintain regular punctual attendance could be significant because the

vocational expert ("VE") testified that if an individual were absent "at least three days a month" they would not be able to perform competitive work (Tr. 76).   Here, the ALJ provided no reason to reject Dr. Bowes' opinion regarding plaintiff's difficulty with performing activities within a schedule and maintaining regular punctual attendance in a work setting (*see* Tr. 22).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining psychologist.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record."  *Lester,* 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Moreover, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct.  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey*, 849 F.2d at 421-22.  The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores,* 49 F.3d at 571.

Defendant argues that the ALJ did not err because the ALJ's residual functional capacity ("RFC") finding reasonably accommodated Dr. Bowes opinion by including the

limitation that plaintiff would be off-task ten-percent of the time (*see* Tr. 17).  Dkt. No. 15, pp. 5-7.  Defendant's argument is not persuasive.   Although the VE testified that an individual who was off task ten-percent of the time would be able to perform the jobs relied on by the ALJ at step-five to find plaintiff not disabled (*see* Tr. 24, 72-74), the VE provided no testimony regarding the impact of tardiness or difficulty performing activities within a schedule on an individual's ability to maintain competitive employment (*see generally* Tr. 71-77).   Moreover, although Dr. Bowes did not define a "marked/severe" limitation, this Court is not persuaded that such a limitation is reasonably accommodated by a finding that an individual would be off-task only ten-percent of the time.

As defendant observes, it is noteworthy that although the ALJ provided no reason to reject Dr. Bowes' opinion that plaintiff would have marked/severe limitations in performing activities within a schedule and maintaining regular punctual attendance, the ALJ did provide a reason to reject Dr. Bowes' opinion that plaintiff would have a marked/severe limitation in completing a normal work day and workweek without interruptions from psychologically based symptoms (*see* Tr. 22).   The ALJ rejected this opinion because "it is unpersuasive and inconsistent with the record, particularly the therapy reports detailing [plaintiff's] actual functioning, as discussed above."  Tr. 22.

Assuming without deciding that the ALJ's rational for rejecting Dr. Bowes' opinion regarding plaintiff's ability to complete a normal workday and workweek also extends to Dr. Bowes' opinion regarding plaintiff's ability to perform activities within a schedule and maintain attendance, the rationale offered by the ALJ to reject Dr. Bowes'

opinion nonetheless is not a specific and legitimate reason supported by substantial

evidence in the record.[1]  *See Lester,* 81 F.3d at 830-31.

As defendant points out, inconsistency with the record can be a specific and

legitimate reason for rejecting the opinion of an examining psychologist.  Dkt. No. 15,

pp. 5-7 (*citing Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.

2004)).  The ALJ can reject such an opinion by "setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof,

and making findings." *Reddick*, 157 F.3d at 725 (*citing Magallanes v. Bowen*, 881 F.2d

747, 751 (9th Cir. 1989)).  Here, the ALJ cited inconsistency with "therapy reports

detailing [plaintiff's] actual functioning" as the basis for rejecting Dr. Bowes' opinion

(Tr. 22).  In rejecting this evidence, however, the ALJ points to no specific inconsistency

between the therapy reports and plaintiff's ability to perform activities within a schedule

or maintain attendance.  The ALJ's summary of plaintiff's therapy reports is similarly

unrevealing.

In summarizing the medical evidence, the ALJ notes that therapy reports indicated

plaintiff:  drove a few times on her own from Seattle to Olympia with some difficulty (Tr.

19-20 (*citing* Tr. 276, 295, 301)); used a hula-hoop and jump rope to stay active and

decrease anxiety (Tr. 19 (*citing* (301); began plans on a business venture in another part

---

[1]Although the parties do not clearly address the applicable legal standard for rejecting the
opinion of examining psychologist Dr. Bowes, plaintiff concedes that the specific and legitimate
standard applies to the ALJ's assessment of the nearly identical medical opinion of examining
psychologist Terilee Wingate, PhD, regarding plaintiff's ability to sustain a work schedule (*see*
Tr. 216, 262).  Dkt No. 14, p. 5.

of the country (Tr. 19 (*citing* Tr. 303)); walked daily and decreased naps from five-hours to one-hour per day (Tr. 19 (*citing* 310)); traveled to the East Coast on a combination business/vacation trip (Tr. 20 (*citing* Tr. 311; attended ballet classes one to two evenings a week and made friends in the class (Tr. 20-21 (*citing* Tr. 309-11)); and, on one occasion, visited the Puyallup Fair with her boyfriend and new friend from ballet class (Tr. 19 (*citing* Tr. 50), 21 (*citing* Tr. 311)).  None of these activities, however, directly contradict Dr. Bowes' opinion that plaintiff would have difficulty performing activities within a schedule or maintaining regular punctual attendance in a work setting.

Aside from her ballet classes, which plaintiff attended no more than twice per week, the therapy notes do not indicate that any of these activities were preformed on regular or fixed schedule.  Plaintiff's ability to show up for a weekly dance class, without more, does not provide substantial evidence support for the ALJ's rejection of Dr. Bowes' opinion that plaintiff had marked/severe limitations in the ability to perform activities within a schedule or maintain regular punctual attendance in a work setting. *See Lester,* 81 F.3d at 830-31.  For these reasons, the Court recommends that the ALJ's decision be reversed and remanded for reassessment of the medical opinion of Dr. Bowes, and, if necessary, additional VE testimony regarding the impact of Dr. Bowes' opined limitations.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

1    **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

2    Dated this 13th day of August, 2014.

3

4    _____

5    J. Richard Creatura
     United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 8